UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TROY MALLORY, Individually and For Others Similarly Situated,<br><br>v.<br><br>ENGINEERING SERVICES, LLC | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

# COMPLAINT

## SUMMARY

1. Engineering Services, LLC (ESL) failed to pay Troy Mallory (Mallory) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, ESL paid Mallory and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Mallory brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Mallory performed work for ESL in Kintyre, North Dakota, in this District and Division.

## THE PARTIES

7. During the relevant period, Mallory was an hourly employee of ESL.

8. Throughout his employment with ESL, Mallory was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

9. His written consent is attached herein as Exhibit A.

10. Mallory brings this action on behalf of himself and other similarly situated workers who were paid by ESL's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Engineering Services, LLC during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

12. Mallory seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13. ESL may be served with process by serving its President, Jay Searfoss, at 56 Benscoter Avenue, Hunlock Creek, Pennsylvania 18621.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, ESL was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, ESL was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, ESL was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. ESL has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

18. At all times hereinafter mentioned, Mallory and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

19. ESL staffs employees to the power industry.

20. In order to provide services to its clients, ESL hires employees it pays on an hourly basis.

21. Mallory worked for ESL as a Commissioning Manager.

22. Mallory was paid $75 an hour for every approved hour worked.

23. Mallory was employed by ESL from June 2019 to October 2019.

24. Mallory was an hourly employee of ESL.

25. Mallory was not paid a guaranteed salary.

26. Mallory was staffed by ESL to NextEra Energy in Harris, Iowa and Kintyre, North Dakota.

27. Mallory reported the hours he worked to ESL on a regular basis.

28. If Mallory worked under 40 hours, he was only paid for the hours he worked.

29. But Mallory would regularly work more than 40 hours in a week.

30. In fact, Mallory routinely worked 50-60 hours a week.

31. For example, in the two-week period ending on July 28, 2019, Mallory worked 120 hours:

| EARNINGS | DESCRIPTION | HRS/UNITS | RATE |
|---|---|---|---|
| | Hourly | 80.00 | 75.0000 |
| | Overtime | 40.00 | 75.0000 |
| | Total Hours | 120.00 | |
| | Gross Earnings | | |
| | Total Hrs Worked | 120.00 | |

32. In one or both of those weeks, Mallory worked over 40 hours in a workweek.

33. In those two weeks, Mallory worked 40 hours of overtime.

34. The hours Mallory worked are reflected in ESL's payroll records.

35. ESL paid Mallory the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

36. ESL did not pay Mallory overtime for all hours worked in excess of 40 hours in a single workweek.

37. Rather than receiving time and half as required by the FLSA, Mallory only received "straight time" pay for overtime hours worked.

38. This "straight time for overtime" payment scheme violates the FLSA.

39. ESL was aware of the overtime requirements of the FLSA.

40. ESL nonetheless failed to pay certain hourly employees, such as Mallory, overtime.

41. Mallory and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

42. Mallory and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

43. Mallory and the Putative Class Members regularly worked in excess of 40 hours each week.

44. ESL did not pay Mallory and the Putative Class Members on a salary basis.

45. ESL paid Mallory and the Putative Class Members "straight time for overtime."

46. ESL failed to pay Mallory and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

47. ESL knew, or acted with reckless disregard for whether, Mallory and the Putative Class Members were paid in accordance with the FLSA.

48. ESL's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

49. The illegal pay practices ESL imposed on Mallory were imposed on the Putative Class Members.

50. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

51. Numerous other individuals who worked with Mallory were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

52. Based on his experiences and tenure with ESL, Mallory is aware that ESL's illegal practices were imposed on the Putative Class Members.

53. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

54. ESL's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

55. Mallory's experiences are therefore typical of the experiences of the Putative Class Members.

56. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

57. Mallory has no interests contrary to, or in conflict with, the Putative Class Members.

58. Like each Putative Class Member, Mallory has an interest in obtaining the unpaid overtime wages owed under federal law.

59. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by ESL.

60. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and ESL will reap the unjust benefits of violating the FLSA.

62. Furthermore, even if some Putative Class Members could afford individual litigation against ESL, it would be unduly burdensome to the judicial system.

63. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to ESL, and to the Court.

64. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

65. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether ESL required Mallory and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether ESL's decision to pay Mallory and the Putative Class Members straight time for overtime was made in good faith;

    c. Whether ESL paid Mallory and the Putative Class Members on a salary basis;

    d. Whether ESL failed to pay Mallory and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    e. Whether ESL's violation of the FLSA was willful; and

    f. Whether ESL's illegal pay practices were applied to Mallory and the Putative Class Members.

66. Mallory and the Putative Class Members sustained damages arising out of ESL's illegal and uniform employment policy.

67. Mallory knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

68. Mallory will fairly and adequately represent and protect the interests of the Putative Class Members.

69. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

70. By failing to pay Mallory and the Putative Class Members overtime at one-and-one-half times their regular rates, ESL violated the FLSA's overtime provisions.

71. ESL owes Mallory and the Putative Class Members overtime pay at the proper overtime rate.

72. Because ESL knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ESL owes these wages for at least the past three years.

73. ESL is liable to Mallory and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

74. Mallory and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

75. Mallory demands a Jury trial.

## PRAYER

76. Mallory prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b. A judgment finding ESL liable to Mallory and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    State Bar No. 24014780
    Andrew W. Dunlap
    Texas Bar No. 24078444
    Richard M. Schreiber
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**